# STATE OF MICHIGAN

# COURT OF APPEALS

MATTHEW LANTER,

        Plaintiff-Appellant,

v

KEVIN JAY STEPHENS and GRAND RAPIDS
TRANSPORT, INC.,

        Defendants-Appellees.

UNPUBLISHED
January 29, 2015

No. 318358
Genesee Circuit Court
LC No. 12-099153-NI

Before: MURRAY, P.J., and SAAD and K. F. KELLY, JJ.

PER CURIAM.

Plaintiff appeals the trial court's order that granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(10). For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

In May 2012, plaintiff's mother owned and held the title to a Chevrolet Impala. Because she had not used the car in months, she agreed to transfer the car's title to plaintiff, provided that plaintiff paid for necessary repairs to the car and purchased insurance for it.[1] After plaintiff and his mother made this agreement, plaintiff had use of the car, which he drove on the afternoon of

---

[1] Specifically, plaintiff stated the following in his deposition:

    *A*. The deal with my mom was she would give me the car—

    *Q*. Uh-hmm.

    *A*. –If I paid the repair bill and got insurance. Then she would sign the title over to me.

    *Q*. Okay.

    *A*. And then it would be mine. But I had to have the repair bill and insurance paid for first.

May 11, 2012. Plaintiff had not purchased insurance for the vehicle by this date, and it remained uninsured. Unfortunately, one of the Impala's tires exploded, and the car stalled in the center lane of a highway in Flint.[2] Defendant Stephens, who is a truck driver for defendant Grand Rapids Transport, was driving in the center lane. Because the truck was winding a wide curve in the road, Stephens did not see plaintiff's car until it was less than 100 feet in front of his truck, and the truck smashed into plaintiff's car. Plaintiff suffered extensive damage to his teeth, and injuries to his back and hip as a result of the accident.

Plaintiff filed this lawsuit in October 2012, and alleged that: (1) Stephens acted negligently; and (2) Grand Rapids Transport was vicariously responsible for Stephens' actions under MCL 257.401.[3] After discovery, defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(10). They argued that because the agreement between plaintiff and his mother contemplated that plaintiff would eventually have exclusive use and ownership of the uninsured Impala, plaintiff was the constructive owner of the car at the time of the accident. Accordingly, defendants said, he was prohibited from recovering damages under MCL 500.3135(2)(c).[4] The trial court agreed with defendant's legal argument and granted defendant's motion, and we affirm.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Allen v Bloomfield Hills Sch Dist*, 281 Mich App 49, 52; 760 NW2d 811 (2008). A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a party's claims. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). When reviewing a motion brought pursuant to MCR 2.116(C)(10), we consider the pleadings, affidavits, and other documentary evidence in a light most favorable to the nonmoving party. *Pioneer State Mutual Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013). Summary disposition should be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id*. A genuine issue of material fact exists if, when viewing the record in the nonmovant's favor, reasonable minds could differ on the issue. *Skinner*, 445 Mich at 162.

---

[2] In his deposition, plaintiff claimed that his May 11, 2012 trip was the first time he had driven the Impala, and that he was on his way to purchase insurance for the car when the accident occurred.

[3] The Michigan owner's liability statute imposes on a vehicle owner the legal responsibility for negligent operation of a vehicle when "the motor vehicle is being driven with his or her express or implied consent or knowledge." MCL 257.401(1).

[4] As explained *infra*, MCL 500.3135(2)(c) is a provision of the no-fault act that prohibits the recovery of damages by owners who fail to maintain the insurance required under the act. Though plaintiff did not file a claim for no-fault benefits in this case, he did not challenge the applicability of MCL 500.3135(2)(c) as an affirmative defense to his negligence and ownership liability claims.

## III. ANALYSIS

MCL 500.3101 of the no-fault act mandates that the owner or registrant of a vehicle registered in Michigan "shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance." MCL 500.3101(1). MCL 500.3135(2)(c) precludes recovery of damages by a person who violates the mandatory insurance requirement:

> Damages shall not be assessed in favor of a party who was operating his or her own vehicle at the time the injury occurred and did not have in effect for that motor vehicle the security required by section 3101 at the time the injury occurred. [MCL 500.3135(2)(c).]

A driver operates his "own vehicle" under MCL 500.3135(2)(c) if he meets the definition of an "owner" under MCL 500.3101(2)(h). *Kessel v Rahn*, 244 Mich App 353, 355–356; 624 NW2d 220 (2001). The statute defines an "owner" to include:

> (*i*)  A person renting a motor vehicle or having the use thereof, under a lease or otherwise, for a period that is greater than 30 days. [MCL 500.3101(2)(h)(*i*).[5]]

In its interpretation of MCL 500.3101(2)(h)(*i*), the Michigan Supreme Court held that a person does not need to *actually use* the vehicle to qualify as the vehicle's "owner," nor does a person need to "*commence*[] using the vehicle at least thirty days before the accident occurred" to qualify as the vehicle's "owner."[6] *Twichel v MIC Gen Ins Corp*, 469 Mich 524, 530–531; 676 NW2d 616 (2004) (emphasis original). Rather, "[i]t is the nature of the right to use the vehicle—whether it is contemplated that *the right to use the vehicle will remain in effect for more than thirty days*—that is controlling, not the actual length of time that has elapsed." *Id*. at 532 (emphasis added). Accordingly, if two parties have an agreement to transfer ownership of a vehicle, the prospective owner acquires ownership if the agreement "contemplate[s] that the [prospective owner will] have exclusive use of the [car] permanently." *Id*. at 531. After such an agreement has been made, it inconsequential if condition precedents, such as transfer of title or full payment, have not been fulfilled at the time of accident—the prospective owner of the car is the "owner" of the car under MCL 500.3101(2)(h)(*i*) if the ultimate purpose of the agreement was to allow the prospective owner to have "exclusive use of the [car] permanently." *Id*.

---

[5] While plaintiff's mother held title to the Impala at the time of the accident, the same vehicle can have more than one owner. *Iqbal v Bristol West Ins Group*, 278 Mich App 31, 38; 748 NW2d 574 (2008).

[6] At the time the Court decided *Twichel*, the "owner" provision appeared in subsection (2)(g). *Twichel*, 469 Mich at 527–528. The Legislature amended MCL 500.3101 effective July 17, 2008, redesignating the definition of owner to subsection (2)(h), but without changing the substance of the provision. 2008 PA 241.

Here, plaintiff says that he cannot be the "owner" of the Impala under MCL 500.3101(2)(h)(*i*) because he never purchased insurance for the car, and thus failed to satisfy one of the conditions precedent to his mother's agreement to transfer the title to him. However, this argument misstates the law—as noted, it is inconsequential for purposes of MCL 500.3101(2)(h)(*i*) whether conditions precedent to the agreement to transfer ownership of a car are satisfied.[7] Instead, the relevant inquiry is whether the agreement itself contemplated that plaintiff would eventually have permanent, exclusive use of the vehicle. *Twichel*, 469 Mich at 531. As noted, and as plaintiff stated in his deposition, the agreement between plaintiff and his mother contemplated that plaintiff would eventually have permanent, exclusive use of the vehicle.

Accordingly, at the time of the accident, plaintiff was the "owner" of the Impala as that term is used in MCL 500.3101(2)(h)(*i*). He is thus prohibited by MCL 500.3135(2)(c) from bringing this action against defendants, and the trial court correctly granted defendants summary disposition under MCR 2.116(C)(10).[8]

Affirmed.

/s/ Christopher M. Murray
/s/ Henry William Saad
/s/ Kirsten Frank Kelly

---

[7] Because this is a matter of law, not fact, plaintiff is wrong to claim that a jury should determine whether he fulfilled the precondition of obtaining insurance for the vehicle.

[8] Because we resolve this appeal under *Twichel, supra*, we decline to address plaintiff's argument that his use of the Impala was insufficient to render him an owner.

-4-